such statement failed to state the essential elements of a tort on the part of the defendant, as the words "the party," construed most strongly against the plaintiff, reasonably supported the inference that the message was delivered in proper form but that some other than the defendant's agent was responsible for its misinterpretation, and also that such statement was defective in omitting any averment as to defendant's business or as to a duty owing from defendant to plaintiff.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment by default based upon defective statement of claim should be vacated.* A judgment based upon a statement of claim in a tort action which fails to state the essential elements of a tort cannot stand, even where entered after defendant's default, and should be vacated on motion.

---

**W. B. Crane and O. F. Crane, trading as W. B. Crane & Company, Defendants in Error, v. Tooker Storage & Forwarding Company, Plaintiff in Error.**

**Gen. No. 22,049.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN STELK, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed March 20, 1917.

**Statement of the Case.**

Action in replevin by W. B. Crane and O. F. Crane, trading as W. B. Crane & Company, plaintiffs, against Tooker Storage & Forwarding Company, defendant, to recover lumber which plaintiffs shipped from a foreign State to themselves in Chicago. From a judgment for plaintiffs for possession and nominal damages, defendant brings error.

The initial carrier deviated from plaintiffs' instructions in routing it by other connecting carriers than

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

they specified, by reason of which plaintiffs declined to pay the accrued charges of transportation, whereupon the lumber was stored by the last or next to the last carrier with defendant, a licensed public warehouseman, who advanced the accrued railroad charges and duly notified plaintiffs of the receipt of the property and of the amount of the charges. Plaintiffs again refused to make payment and brought replevin for the goods with the result stated.

BULL & JOHNSON, for plaintiff in error.

W. TUDOR AP MADOC, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. WAREHOUSEMEN, § 11*—*when entitled to lien for advanced transportation charges.* A lien for transportation charges on a shipment of goods through connecting carriers advanced by a public warehouseman with whom the goods were stored by the last carrier upon the shipper's refusal to pay such charges, held to exist in such warehouseman, notwithstanding the initial carrier misrouted the shipment by other connecting carriers than those specified by the shipper.

2. CARRIERS, § 209*—*what need not be done by connecting carrier in order to preserve lien for charges.* A connecting carrier is not bound to inquire into the initial carrier's authority as to routing in order to preserve a lien for its charges.

3. CARRIERS, § 186*—*what is authority of initial carrier as to forwarding of shipment.* While an initial carrier is the agent of the owner or shipper, it is clothed with apparent authority to forward a shipment by any ordinary or usual route.

4. CARRIERS, § 195*—*what is authority of connecting carrier as to payment of accrued charges.* A connecting carrier becomes an agent of the owner or shipper of goods transported and has implied authority to pay for him previously accrued charges of transportation.

5. WAREHOUSEMEN, § 25*—*when replevin lies to recover stored goods.* Replevin will not lie for goods held under a lien for transportation charges advanced by a warehouseman without plaintiff first making or tendering payment of such charges.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.